IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOBIAS TEIXEIRA DA FONSECA,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 25-cv-04399<br><br>**Judge Manish S. Shah** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff TOBIAS TEIXEIRA DA FONSECA ("Fonseca" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Fonseca's Motion as follows.

This Court finds Fonseca has provided notice to Defendants in accordance with the Temporary Restraining Order entered April 28, 2025, [19] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, on a preliminary basis, that Defendants have sold products using infringing versions of Fonseca's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-376-219; VA 2-279-692; VA 2-376-231; VA 2-303-183; VA 2-376-239; VA 2-376-213; and VA 2-279-684 (the "Tobias Fonseca Works").

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Fonseca's previously granted Motion for Entry of a TRO establishes that Fonseca has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Fonseca will suffer irreparable harm if the injunction is not granted.

Specifically, Fonseca has proved a *prima facie* case of copyright infringement because (1) Plaintiff is the owner of the Tobias Fonseca Works , which are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of the Tobias Fonseca Works, and (3) Defendants' use of the Tobias Fonseca Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Fonseca. Furthermore, Defendants' continued and unauthorized use of the Tobias Fonseca Works irreparably harms Fonseca through diminished goodwill and brand confidence, damage to Fonseca's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Fonseca has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:
    a. using the Tobias Fonseca Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising,

offering for sale, or sale of any product that is not a genuine Fonseca product or not authorized by Fonseca to be sold in connection with the Tobias Fonseca Works;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Fonseca product or any other product produced by Fonseca, that is not Fonseca's or not produced under the authorization, control, or supervision of Fonseca and approved by Fonseca for sale under the Tobias Fonseca Works;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Fonseca, or are sponsored by, approved by, or otherwise connected with Fonseca; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Fonseca, nor authorized by Fonseca to be sold or offered for sale, and which bear any of Fonseca's copyrights, including the Tobias Fonseca Works, or any reproductions, infringing copies, or colorable imitations.

2. Upon Fonseca's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Walmart Inc. ("Walmart"), and Temu, LLC ("Temu") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Fonseca expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

3

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Walmart, and Temu, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Fonseca's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Tobias Fonseca Works.

4. Any Third Party Providers, including Amazon, Walmart, and Temu, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Tobias Teixeira Da Fonseca, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts from transferring or disposing of funds traceable to the sales of the Tobias Fonseca Works until further order by this Court, or the expiration of this Order, whichever is earlier.

5. Fonseca may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Tobias Teixeira Da Fonseca and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Blimark and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6. Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Tobias Teixeira Da Fonseca [16], and the TRO [19] are unsealed.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

8. The ten thousand dollar ($10,000) bond posted by Fonseca shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Manish S. Shah
United States District Judge

Dated: May 15, 2025

**Schedule A**

| No. | Defendants |
|---|---|
| 1 | Blimark |
| 2 | backtime |
| 3 | Yuwenqiaoqiao |
| 4 | hekexin2024 |
| 5 | ZCHAINBRAND STORE |
| 6 | Aspcsmomt |
| 7 | OYSTERBOY |
| 8 | liccc lili |
| 9 | US-XMJY |
| 10 | zhangyanshuo |
| 11 | Magsaddle |
| 12 | LLS Smile Shop |
| 13 | elegantdes |
| 14 | Bay White E |
| 15 | tianyeyey A |
| 16 | MELYSAAA95 |
| 17 | Nuneve |
| 18 | dongguanshiguiyimaoyiyouxiangongsi |
| 19 | Trucker God Family Star |
| 20 | HRTStickerStudio |
| 21 | Xupengepng |
| 22 | Guangzhouraohuilinshangmaoyouxiangongsi |
| 23 | yanongsh |
| 24 | ZHOUJIEXIONGH |
| 25 | nuokeke |
| 26 | qichangbaihuodian |
| 27 | junchao |
| 28 | hongliangjin |
| 29 | wuhanshidonghuxinjishukaifaquzheyubaihuoshanghang |
| 30 | qingwenfuzhuangdian |
| 31 | La Mai Lan |
| 32 | Wenhonghong |
| 33 | Liyazhuang |
| 34 | zhaolianlianlian |
| 35 | Wangyunfeng |
| 36 | LanbenQing |
| 37 | HFJYXX |
| 38 | xinxinxiangyinaaa |
| 39 | ChaoYangYuanXiangShangMaoYouXianGongSi |
| 40 | qujinglimingdianzishangwuyouxiangongsi |

| 41 | CGLSIX |
|----|--------|
| 42 | TUVANPI |
| 43 | KunMingKuanYongShangMao |
| 44 | licun001 |
| 45 | FEMBOY |
| 46 | tgttgt |
| 47 | L rose |